UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEONARD EMANUEL BLACKBURN (#098338)      CIVIL ACTION

VERSUS

JAMES M. LeBLANC, ET AL.      NO. 14-0031-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 8, 2015.

                       RICHARD L. BOURGEOIS, JR.
                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEONARD EMANUEL BLACKBURN (#098338)**     CIVIL ACTION

**VERSUS**

**JAMES M. LeBLANC, ET AL.**     NO. 14-0031-SDD-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Partial Summary Judgment of defendant Travis Day (R. Doc. 14).[1] This Motion is not opposed.

The *pro se* plaintiff, an inmate currently incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, and previously confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. 794 ("RA"), against Secretary James LeBlanc, EHCC Medical Director Raman Singh, DCI Warden Steve Rader, DCI Dpty Warden Janet Lorena, DCI Medical Director Angelo Tarver, DCI Nurse Debbie Weber, DCI Nurse Travis Day, and an unidentified DCI Nurse "Jane Doe," complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically through a failure to properly attend to a knee injury that he sustained in January, 2013.[2]

---

1. The instant motion has also been filed on behalf of James LeBlanc and Raman Singh, but these persons are no longer party-defendants to this proceeding, having been voluntarily dismissed by the plaintiff. *See* R. Docs. 29 and 34.

2. An attempt by the United States Marshal's Office to serve defendants Steve Rader, Janet Lorena, Angelo Tarver and Debbie Weber has proven unsuccessful, specifically because these defendants are either retired or no longer employed by the State of Louisiana and, as a

Defendant Travis Day now moves for partial summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent Request for Administrative Remedy, and the affidavit of Rhonda Z. Weldon.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the

---

result, service of process was not accepted on their behalf at the offices of the Louisiana Department of Public Safety and Corrections. *See* R. Doc. 11.

evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on January 13, 2013, he sustained injury to his knee while playing basketball at DCI.  He requested emergency medical attention at that time and was seen by Nurse Weber on that date, who prescribed medication, issued the plaintiff a 2-day limited duty status, and advised the plaintiff that a physician was not available that day but would be available two days hence on January 15, 2013.  Thereafter, on January 15, 2013, the plaintiff was evaluated by Dr. Tarver, who ordered that the plaintiff be transported to the Earl K. Long Hospital ("EKL") in Baton Rouge, Louisiana, on an expedited basis.  Upon examination at EKL, the plaintiff was diagnosed with a patella tendon break in his left knee and was prescribed pain medication.  The plaintiff complains, however, that upon return to DCI, he did not receive the prescribed pain medication until a week later on January 23, 2013.  On January 30, 2013, the plaintiff was again transported to EKL and underwent a surgical procedure on his left knee.  Upon discharge, the medical personnel at EKL provided instructions that the plaintiff's dressing should be changed in four (4) days.  Notwithstanding, although the plaintiff allegedly informed an unidentified DCI nurse on February 3, 2013, that he needed a dressing change, the procedure was not undertaken.  On February 6, 2013, the plaintiff sought emergency medical attention because of pain and fever, and he was returned to EKL on that date, allegedly because his leg had become infected.  According to the plaintiff, he was provided with intravenous antibiotics at EKL and was returned to DCI.  On March 13, 2013, the plaintiff

participated in a telephone medical conference with an orthopedic specialist, who prescribed pain medication and recommended physical therapy for the plaintiff's condition. The plaintiff complains, however, that he was made to wait weeks before receiving the prescribed pain medication because Dr. Tarver delayed in ordering it. In addition, the plaintiff complains that the referenced physical therapy was not immediately provided. On or about April 1, 2013, the plaintiff advised Nurse Wayne at DCI that he was in pain and needed the prescribed physical therapy, and Nurse Wayne advised that the plaintiff's request would be relayed to Dr. Tarver. On April 4, 2013, the plaintiff addressed correspondence to the DCI medical department, asserting a complaint regarding the delays in providing treatment. On April 8, 2013, the plaintiff's sister telephoned DCI and spoke to defendant Nurse Travis Day, who advised that the plaintiff needed to submit a formal sick call request, which the plaintiff did on that date, and was informed by an unidentified nurse that Dr. Tarver had prescribed physical therapy earlier that day. The plaintiff complains, however, that physical therapy was not available at DCI and that it was not until five months later, in September, 2013, that he was transferred to EHCC "for physical therapy." The plaintiff asserts that he was thereafter allegedly informed at EHCC that he had lost substantial range of motion in his left knee, that he "may be able to recover some of [his] range of motion back" with hard work, and that he "should have been sent to E.H.C.C. earlier."[3]

In response to the plaintiff's Complaint, the moving defendant contends in the instant motion that certain of the plaintiff's claims are subject to dismissal for failure to exhaust

---

3. The plaintiff provides additional allegations regarding events occurring at EHCC. However, inasmuch as he has not named as defendants herein any persons employed at EHCC (other than defendant Raman Singh, who has been voluntarily dismissed), the Court will not consider these allegations to be a part of the claim asserted in this proceeding.

administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[4] This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

Upon a review of the plaintiff's pertinent administrative grievance, *i.e.,* the grievance that he filed relative to the claims asserted in this proceeding, the Court concludes that the defendant's motion is well-taken and should be granted. Specifically, it appears that the plaintiff submitted the referenced grievance on or about April 15, 2013, approximately three months after his initial injury of January 13, 2013, and he complained therein only of the alleged failure to provide him with appropriate medical treatment during that interval. Specifically, he complained

---

4. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

(1) of the 2-day delay after his injury before his first consultation with a physician, (2) of the alleged 8-day delay before he received pain medication ordered by a physician at EKL on January 15, 2013, (3) of the alleged failure of DCI medical personnel to perform a dressing change as ordered by EKL in February, 2013, (4) of the alleged one-month delay before he received pain medication ordered by an orthopedic specialist on March 13, 2013, and (5) of the alleged failure by DCI officials to timely provide him with physical therapy as prescribed by the referenced orthopedic specialist.  As such, the plaintiff complains in the referenced grievance only of alleged deficient medical care and treatment provided to him by Dr. Angelo Tarver, Nurse Debbie Weber, Nurse Travis Day and Nurse Wayne at DCI during a three-month period, and he makes no reference whatever to any alleged failure by prison personnel to comply with the provisions of the ADA or RA.  Nor does he suggest, as is required for recovery under either statute, that he was discriminated against or denied participation in any prison program or service by reason of a qualifying disability, a prerequisite for recovery under those statutes.  *See, e.g., Garrett v. Thaler*, 560 Fed. Appx. 375, 382 (5th Cir. 2014).  To the contrary, it appears from the plaintiff's allegations that medical care was in fact provided for his complaints and that physical therapy was in fact prescribed for his condition in April, 2013, and his complaint is principally with regard to the alleged delays in providing treatment and in transferring him to EHCC so that therapy could be undertaken.  *See* R. Doc. 1 at pp. 16-17.  Thus, the Court concludes that, in the absence of any allegations of fact that might have implicated the ADA or RA, the plaintiff's administrative grievance failed to provide sufficient notice to prison administrators that the plaintiff was attempting to assert claims arising under those statutes so as to "provide administrators with a fair opportunity under the circumstances to address the problem" now presented before this Court.  *See Johnson v. Johnson, supra*, 385 F.3d at 517.

Accordingly, the plaintiff's claims asserted against defendant Travis Day under the ADA and RA in this proceeding are subject to dismissal for failure of the plaintiff to exhaust administrative remedies relative thereto pursuant to 42 U.S.C. § 1997e.  *See Riley v. Kazmierczak*, 497 Fed. Appx. 442, 443 (5th Cir. 2012) (dismissing ADA claims asserted by a prisoner because of a failure to exhaust administrative remedies).

In addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion, notwithstanding that the Court explicitly provided him with notice and an opportunity to do so.  *See* R. Doc. 20 (wherein the Court directed the plaintiff to file any opposition he might have to the defendant's motion within fifteen (15) days of the date of September 19, 2014).  In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion.  *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324.  Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Id.*  When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor.  *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010).  Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings.  *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990).  In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any

opposition to the defendant's Motion for Partial Summary Judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions regarding the plaintiff's failure to exhaust administrative remedies as discussed above. Accordingly, based upon the plaintiff's failure in this case to oppose the defendant's Motion for Partial Summary Judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's Motion is well-taken and that, on the record before the Court, the defendant is entitled to partial summary judgment as a matter of law in connection with the claims asserted under the ADA and RA in this proceeding.

Finally, in the alternative, from a substantive perspective, the plaintiff's claims arising under the ADA and RA would fare no better. Specifically, the courts have concluded that, when a "plaintiff's core complaint [is] incompetent treatment for his underlying medical condition, [s]uch a complaint does not state a claim for relief under the ADA because '[t]he ADA does not create a remedy for medical malpractice.'" *Brown v. Wilson*, 2012 WL 6719464, *3 (N.D. Tex. Dec. 27, 2012), *quoting Moore v. Prison Health Services, Inc.*, 24 F.Supp.2d 1164, 1168 (D. Kan. 1998), *affirmed*, 201 F.3d 448 (10th Cir. 1999). *See also Nottingham v. Richardson,* 499 Fed. Appx. 368, 377 (5th Cir. 2012) (finding that "[t]he ADA is not violated by 'a prison's simply failing to attend to the medical needs of its disabled prisoners'"). The same finding is applicable under the RA because the basis for recovery under that statute is coextensive with the recovery obtainable under the ADA. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002). Accordingly, inasmuch as the basis for the plaintiff's claim in this case is that prison officials have not properly or timely attended to his medical needs, his claims asserted under the ADA

and RA are not properly before this Court.

On a final note, although not addressed in the defendant's motion for partial summary judgment, the Court notes that the plaintiff also seeks to invoke the supplemental jurisdiction of this Court over potential state law claims. A district court, however, is authorized to decline the exercise of supplemental jurisdiction if the state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, considering the allegations of the plaintiff's Complaint and the nature of the plaintiff's remaining federal claim of deliberate medical indifference arising under the Eighth Amendment to the United States Constitution, the Court recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction and that the Motion for Partial Summary Judgment of defendant Travis Day (R. Doc. 14), be granted, dismissing the plaintiff's claims asserted against this defendant under the ADA and RA, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be referred back for further proceedings in connection with the plaintiff's claim arising under 42 U.S.C. § 1983 that the defendants have violated his Eighth Amendment constitutional rights by exhibiting deliberate indifference to the plaintiff's serious medical needs.

Signed in Baton Rouge, Louisiana, on January 8, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**