UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEONARD EMANUEL BLACKBURN (#098338)**      **CIVIL ACTION**

**VERSUS**

**JAMES M. LeBLANC, ET AL.**      **NO. 14-31-SDD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 22, 2016.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEONARD EMANUEL BLACKBURN (#098338)**          **CIVIL ACTION**

**VERSUS**

**JAMES M. LeBLANC, ET AL.**                     **NO. 14-31-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment of defendant Travis Day (R. Doc. 38).[1]  This Motion is not opposed.

The *pro se* plaintiff, an inmate currently incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, and previously confined at the Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983, the Americans With Disabilities Act, 42 U.S.C. 12101, *et seq.* ("ADA"), and Section 504 of the Rehabilitation Act, 29 U.S.C. 794 ("RA"), against DCI Warden Steve Rader, DCI Dpty Warden Janet Lorena, DCI Medical Director Angelo Tarver, DCI Nurse Debbie Weber, DCI Nurse Travis Day, and an unidentified DCI "Jane Doe" nurse, complaining that the defendants had violated his constitutional and statutory rights through a failure to attend to his serious medical needs, specifically through a failure to properly care for a knee injury that he sustained in January, 2013.[2]  Pursuant to a previous Ruling in this case (R. Doc. 36), the Court has declined

---

[1] Whereas the plaintiff initially included as defendants herein Secretary James LeBlanc and EHCC Medical Director Raman Singh, the plaintiff has since voluntarily dismissed these defendants from this proceeding.  *See* R. Docs. 29 and 34.

[2] An attempt by the United States Marshal's Office to serve defendants Steve Rader, Janet Lorena, Angelo Tarver and Debbie Weber has proven unsuccessful, specifically because these defendants are either retired or no longer employed by the State of Louisiana and, as a result, service of process was not accepted on their behalf at the offices of the Louisiana Department of Public Safety and Corrections.  *See* R. Doc. 11.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff, without good cause, to serve a defendant within 120 days of commencement of an action (the applicable time period at the time of the filing of the plaintiff's Complaint) is

the exercise of supplemental jurisdiction over the plaintiff's state law claims and has dismissed the plaintiff's claims asserted against defendant Travis Day under the ADA and RA, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

Defendant Travis Day now moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's pertinent administrative remedy proceedings, a certified copy of the plaintiff's medical records from January 1, 2013 to the date of the filing of the defendant's motion, and the affidavits of Rhonda Z. Weldon and defendant Travis Day.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the

---

justification for dismissal of that defendant from the proceeding. Although a *pro se* inmate plaintiff is entitled to rely upon service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, * (5th Cir. 1987).  Upon being notified that service had not been effected against the named defendants, through receipt of the Marshal's Service Return on June 17, 2014 (R. Doc. 11), the plaintiff waited 2 months, or until on or about August 19, 2014, to propound discovery seeking to determine the last known addresses of the unserved defendants so that they might be served.  *See* R. Doc. 22-1 at pp. 2-3 and 5-6.  Upon the filing of the defendant's response to that discovery on November 25, 2014 (R. Docs. 31-33), the plaintiff has failed to take any additional action to compel better responses to that discovery or to obtain service upon the unserved defendants.  It is appropriate, therefore, that the plaintiff's claims asserted against defendants Rader, Lorena, Tarver and Weber be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon them.

record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evid\ence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, as amended, the plaintiff alleges that on January 13, 2013, he sustained injury to his knee while playing basketball at DCI.  He requested emergency medical attention at that time and was seen by Nurse Weber on that date, who prescribed medication, issued the plaintiff a 2-day limited duty status, and advised the plaintiff that a physician was not available that day but would be available in two days, hence on January 15, 2013.  Thereafter, on January 15, 2013, the plaintiff was evaluated by Dr. Tarver, who ordered that the plaintiff be transported to the Earl K. Long Hospital ("EKL") in Baton Rouge, Louisiana, on an expedited basis.  Upon examination at EKL, the plaintiff was diagnosed with a patella tendon break in his left knee and was prescribed pain medication.  The plaintiff complains, however, that upon return to DCI, he

did not receive the prescribed pain medication until a week later on January 23, 2013. On January 30, 2013, the plaintiff was again transported to EKL and underwent a surgical procedure on his left knee. Upon discharge, the medical personnel at EKL provided instructions that the plaintiff's dressing should be changed in four (4) days. Notwithstanding, although the plaintiff allegedly informed an unidentified DCI nurse on February 3, 2013, that he needed a dressing change, the procedure was not undertaken. On February 6, 2013, the plaintiff sought emergency medical attention because of pain and fever, and he was returned to EKL on that date, allegedly because his leg had become infected. According to the plaintiff, he was provided with intravenous antibiotics at EKL and was returned to DCI. On March 13, 2013, the plaintiff participated in a telephone medical conference with an orthopedic specialist, who prescribed pain medication and recommended physical therapy for the plaintiff's condition. The plaintiff complains, however, that he was made to wait weeks before receiving the prescribed pain medication because Dr. Tarver delayed in ordering it. In addition, the plaintiff complains that the referenced physical therapy was not immediately provided. On or about April 1, 2013, the plaintiff advised Nurse Wayne at DCI that he was in pain and needed the prescribed physical therapy, and Nurse Wayne advised that the plaintiff's request would be relayed to Dr. Tarver. On April 4, 2013, the plaintiff addressed correspondence to the DCI medical department, asserting a complaint regarding the delays in providing treatment. On April 8, 2013, the plaintiff's sister telephoned DCI and spoke to defendant Nurse Travis Day, who advised that the plaintiff needed to submit a formal sick call request, which the plaintiff did on that date, and was informed by an unidentified nurse that Dr. Tarver had prescribed physical therapy earlier that day. The plaintiff complains, however, that physical therapy was not available at DCI and that it was not until five months later, in September, 2013, that he was transferred to EHCC "for

physical therapy." The plaintiff asserts that he was thereafter allegedly informed at EHCC that he had lost substantial range of motion in his left knee, that he "may be able to recover some of [his] range of motion back" with hard work, and that he "should have been sent to E.H.C.C. earlier."

In response to the plaintiff's Complaint, the moving defendant contends in the instant motion that he is entitled to qualified immunity in connection with the plaintiff's claim. Specifically, the defendant contends that the plaintiff has failed to present facts sufficient to show that the defendant has violated the plaintiff's constitutional rights through deliberate indifference to the plaintiff's serious medical needs.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established at the time that the violation occurred. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202.[3]

---

[3] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendant's motion for summary judgment should be granted. Specifically, the Court concludes that the plaintiff has failed to present facts sufficient to support a viable constitutional claim of deliberate medical indifference in connection with defendant Nurse Travis Day.

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate

indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

In addition to the foregoing, in order for a prison official to be found liable under § 1983, the official must be shown to have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be shown to be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must be able to show that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing principles, it is clear that the plaintiff has failed to present facts sufficient to support a claim of deliberate medical indifference on the part of defendant Nurse Travis Day. Specifically, the plaintiff refers in his Complaint only to two interactions involving Nurse Day. The first allegedly occurred on April 8, 2013, three months after the injury suffered by the plaintiff on January 13, 2013. *See* R. Doc. 1 at pp. 15-16. On that date, Nurse Day

allegedly received a telephone call from the plaintiff's sister, and Nurse Day responded that the plaintiff could obtain medical assistance by submitting a formal sick call request. In response to that advice, the plaintiff acknowledges that he submitted a sick call request and was informed that physical therapy and medication had been ordered by Dr. Tarver on that date. *See id.* The second interaction allegedly occurred after the plaintiff submitted an administrative grievance to prison officials on or about April 13, 2013, at which time Nurse Day met with the plaintiff and advised the plaintiff that DCI did not have a physical therapist at the facility. *See id.* at p. 16-17. These two interactions are not indicative of any deliberate medical indifference on the part of defendant Day. In addition, the defendant has presented unrefuted evidence that, at all times pertinent hereto, defendant Day was the Assistant Director of Nursing at DCI and, as such, served in a supervisory role and rarely provided direct medical treatment to inmates. *See* Affidavit of Nurse Day, R. Doc. 38-23. To the contrary, Nurse Day's duties "primarily involved staffing issues, supervising the nursing department, and performing various duties regarding the overall operations of the Nursing Department." *See id.* Nurse Day attests that, upon a review of the plaintiff's medical records, there were no instances when the defendant ever provided medical treatment to the plaintiff. *See id.* Although the plaintiff complains that he did not receive prescribed medication in a timely fashion and that there was a substantial delay before he received prescribed physical therapy, there is no indication whatever that the deficiencies complained of may be attributed to Nurse Day. Thus, there is no evidence in the record that supports the imposition of liability against the defendant.

In addition to the foregoing, the evidence in the record reflects that the plaintiff was in fact provided with medication in response to his complaints and that prison officials engaged in efforts to attempt to procure physical therapy for his condition. Specifically, the records reflect

that a referral for physical therapy was made by a DCI physician on March 18, 2013. Inasmuch as DCI did not have a physical therapist on staff, the DCI medical department made a request on April 1, 2013, for the Interim Louisiana State University Hospital in New Orleans, Louisiana, to provide that service. The records further note that the plaintiff had been provided with various physical exercises to perform in the interim. However, notwithstanding the prison's request to the Interim Louisiana Hospital, that facility declined to provide the requested physical therapy on June 18, 2013, and the DCI medical department then requested that the Louisiana Department of Corrections provide physical therapy to the plaintiff at the DCI facility. A notation in the plaintiff's medical records dated August 5, 2013, reflects that the prison's request for physical therapy had been approved but that a location for such therapy had not yet been determined. Finally, on September 13, 2013, the plaintiff was transferred to EHCC where physical therapy could be provided.

Based on the foregoing, the Court is unable to conclude that the evidence supports a finding of deliberate medical indifference on the part of DCI officials. Instead, the most that can be gleaned from the evidence on file and in the record is that there were periods of delay that were not directly attributable to the defendant and that, at most, may amount to negligence that is not actionable under section 1983. Although the plaintiff was apparently dissatisfied with the medical care that he received at DCI, such dissatisfaction does not support a claim of deliberate medical indifference. Accordingly, the Court finds that the plaintiff has failed to adequately support his claim asserted against defendant Day, and the defendant is therefore entitled to summary judgment as a matter of law, dismissing the plaintiff's claim asserted herein.

Finally, in addition to the foregoing, the Court notes that the plaintiff has not filed any opposition in response to the instant motion. In the context of a motion for summary judgment,

it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his Complaint in opposing a properly supported motion. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 324. Specifically, Rule 56 requires that, in response to such a motion, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* Stated another way, in order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209, 212 (5th Cir. 1990). When a party does not file an opposition to a motion for summary judgment, the Court is permitted to consider the facts presented in support of the motion as undisputed and to grant summary judgment if the facts show that the movant is entitled to judgment in his favor. *See Jegart v. Roman Catholic Church Diocese of Houma - Thibodaux*, 384 Fed. Appx. 398, *2 (5th Cir. 2010). Further, pursuant to Local Rule 56(b) of this Court, the plaintiff's failure to oppose the defendant's motion for summary judgment allows the Court to conclude that all of the facts contained in the defendant's Statement of Uncontested Material Facts are deemed to be admitted. In the instant case, despite notice and an opportunity to appear, the plaintiff has not come forward with any opposition to the defendant's motion for summary judgment or to the documentary evidence produced in support thereof. Accordingly, there is nothing before the Court which tends to dispute the defendant's assertions regarding the plaintiff's medical care as discussed above. Accordingly, based upon the plaintiff's failure in this case to oppose the defendant's motion for summary judgment, failure to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to produce supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-

taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against Steve Rader, Janet Lorena, Angelo Tarver and Debbie Weber be dismissed for failure of the plaintiff to timely serve these defendants as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the Motion for Summary Judgment of the remaining defendant, Travis Day (R. Doc. 38), be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 22, 2016.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE